UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODOLFO ANTONIO LOPEZ JR,

    Plaintiff,

        v.       CAUSE NO. 3:20-CV-504-JD-MGG

INDIANA STATE OF, et al.,

    Defendants.

OPINION AND ORDER

Rodolfo Antonio Lopez Jr. filed this case on his own behalf while being held at the Orange County Jail in Florida. He did not pay the filing fee and he is barred from proceeding in forma pauperis "unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Lopez is subject to this restriction because he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." *Id*. This is commonly known as the "three strikes" provision. In fact, Mr. Lopez has 5 strikes:

> (1) *Lopez v. St. Joseph County Jail*, 3:19-CV-957 (N.D. Ind. filed 6/5/2019), dismissed August 13, 2019, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim for which relief could be granted;
>
> (2) *Lopez v. Veterans Affairs*, 3:19-CV-506 (N.D. Ind. filed 7/1/2019), dismissed January 9, 2020, pursuant to 28 U.S.C. § 1915A for filing a frivolous lawsuit; and

(3) *Lopez v. Micheal Rogers*, 3:20-CV-39 (N.D. Ind. filed 1/10/2019), dismissed April 30, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim;

(4) *Lopez v. Aramark*, 3:20-CV-40 (N.D. Ind. filed 1/10/2019), dismissed April 30, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim;

(5) *Lopez v. The People*, 3:20-CV-41 (N.D. Ind. filed 1/10/2019), dismissed January 16, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim;

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, the complaint vaguely alleges violation of his civil rights in relation to a state court conviction in case number 46D01-1802-F6-149. Nothing in the complaint alleges that he faces a genuine emergency or that he is in imminent danger of serious physical injury. Therefore, he may not proceed in forma pauperis. He must pay the full filing fee before he can proceed with this lawsuit.

For these reasons, the court GRANTS Mr. Lopez until **July 24, 2020**, to pay the $400 filing fee and CAUTIONS him if he does not respond by the deadline, this case will be dismissed without further notice for non-payment of the filing fee.

SO ORDERED on June 19, 2020

      /s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT